BOYD B. MOSS, III, ESQ.
Nevada Bar No.8856
boyd@mossberglv.com
MARCUS A. BERG, ESQ.
Nevada Bar No. 9670
marcus@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
4101 Meadows Lane, Suite 110
Las Vegas, Nevada 89107
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEBBIE KAY FERRE,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S, LLC, a Foreign Corporation d/b/a Albertson's #3333; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | **CASE NO.  2:23-cv-01454-GMN-BNW** |

**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**
**[SPECIAL SCHEDULING REVIEW REQUEST]**

Under Fed. R. Civ. P. 26(f) and Local Rules of Practice for the United States District Court for the District of Nevada 26-1(a)-(b), Defendant Albertson's LLC, by and through its counsel of record, the law firm of BACKUS, CARRANZA & BURDEN, and Plaintiff Debbie Kay Ferre, by and through her counsel of record, MOSS BERG INJURY LAWYERS,

1

conducted a discovery-planning conference on October 25, 2023, and hereby submit to the court the following proposed discovery plan. Additionally, in compliance with LR 26-1 (a)-(b), the parties request a special scheduling review, and the following provides a statement of the reasons why longer or different time periods should apply to the case.

# I.
# PRIOR PROCEEDINGS

**A. DATE OF FILING OF ANSWER BY FIRST ANSWERING DEFENDANT**

September 18, 2023
.
**B. DATE THE FED. R. CIV. P. 26(F) CONFERENCE WAS HELD**

October 25, 2023

# II.

# DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)(3)

**A. WHETHER CHANGES, IF ANY, SHOULD BE MADE IN TIMING, FORM, OR REQUIREMENTS FOR DISCLOSURES UNDER FED. R. CIV. P. 26(A)**

**1. Plaintiff's view:** None.

**2. Defendant's view:** None.

**B. SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED, WHEN DISCOVERY SHOULD BE COMPLETED, AND WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR BE LIMITED TO OR FOCUSED ON PARTICULAR ISSUES**

**1. Plaintiff's view:**

i. Discovery will consist of items needed regarding Plaintiff's claims and Defendant's defenses.

        ii. Discovery should be completed on May 15, 2024, allowing 240 days for discovery.

        iii. Discovery in this matter does not need to be conducted in phases.

**2. Defendant's view:**

        i. Discovery will consist of items needed regarding Plaintiff's claims and Defendant's defenses.

        ii. Discovery should be completed on May 15, 2024, allowing 240 days for discovery.

        iii. Discovery in this matter does not need to be conducted in phases.

**C. WHETHER ISSUES EXIST REGARDING DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED**

1. **Plaintiff's view:** Not at this time.

2. **Defendant's view:** Not at this time.

**D. WHETHER ISSUES EXIST REGARDING CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS, INCLUDING—IF THE PARTIES AGREE ON A PROCEDURE TO ASSERT THESE CLAIMS AFTER PRODUCTION—WHETHER TO ASK THE COURT TO INCLUDE THEIR AGREEMENT IN AN ORDER UNDER FEDERAL RULE OF EVIDENCE 502**

1. **Plaintiff's view:** Not at this time.

2. **Defendant's view:** Not at this time.

E. **WHETHER, IF ANY, OTHER ORDERS SHOULD BE ENTERED BY THE COURT UNDER RULE 26(C) OR RULE 16(B) AND (C)**

1. **Plaintiff's view:** Not at this time.

2. **Defendant's view:** Not at this time.

### III.
### DISCOVERY PLAN AND MANDATORY DISCLOSURES PURSUANT TO LR 26-1 (b)

A. **A STATEMENT OF THE REASONS WHY LONGER OR DIFFERENT TIME PERIODS SHOULD APPLY TO THE CASE OR, IN CASES IN WHICH THE PARTIES DISAGREE AS TO THE FORM OR CONTENTS OF THE DISCOVERY PLAN, A STATEMENT OF EACH PARTY'S POSITION ON EACH POINT IN DISPUTE PURSUANT TO LR 26-1(a)**

1. **Plaintiff's view:** Plaintiff requests *240 days* because Plaintiff is still treating for her injuries. Also, Plaintiff claims may necessitate an Independent Medical Examination and multiple witness depositions. The extended discovery provides the Parties a meaningful period in which to complete discovery.

2. **Defendant's view:** Defendant request 240 days because they will need the additional time to acquire all of Plaintiff's medical records. Also, Plaintiff's claims may necessitate an Independent Medical Examination and multiple witness depositions. The extended discovery provides the Parties a meaningful period in which to complete discovery.

B. **FORM OF STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER PURSUANT TO LR 26-1(b)(1)-(6)**

| LR 26-1(b)(1-6) Deadlines | DATE |
|---|---|
| Discovery Cut-Off Date | **May 15, 2024** |
| Amending the Pleadings and Adding Parties (LR 26-1(e)(2)) (Not later than 90 days before close of discovery) | **February 15, 2024** |

4

| | |
|---|---|
| Fed. R. Civ. P. 26(a)(2) Disclosures (Experts) (Not later than 60 days before close of discovery) | **March 15, 2024** |
| Fed. R. Civ. P. 26(a)(2) Rebuttal Disclosures (Not later than 30 days after initial disclosure of experts) | **April 15, 2024** |
| Dispositive Motions (LR 26-1(e)(4)) (Not later than 30 days after Discovery cut-off date) | **June 14, 2024** |
| Joint Pretrial Order and Fed. R. Civ. P. 26(a)(3) Disclosures (Not later than 30 days after dispositive-motion deadline) | **July 15, 2024** |

A motion or stipulation to extend any deadline set forth in the Discovery Plan and Scheduling Order must be received by the court no later than twenty-one (21) days before the expiration of the subject deadline and must be supported by a showing of good faith as outlined in LR 26-4.

**C.   CERTIFICATION OF DISPUTE RESOLUTION CONFERENCE**

The undersigned certify that they met and conferred about the possibility of using alternative dispute-resolution processes.

**D.   CERTIFICATION OF ALTERNATIVE FORMS OF CASE DISPOSITION**

The undersigned do not consent to trial by a magistrate judge under 28 U.S.C. §636 (c) and Fed. R. Civ. P. 73, or the use of the Short Trial Program (General Order 2013-01).

**E.   ELECTRONIC EVIDENCE DISPOSITION**

A jury trial has been demanded and the undersigned certify that they discussed whether the parties intend to present evidence in electronic format to jurors for the purposes of jury deliberations, and the following stipulations were reached regarding providing discovery in an

electronic format compatible with the court's electronic jury evidence display system: None at this time.

**F.     OTHER ORDERS REQUIRED OF THE COURT:**

None at this time.

**STIPULATED TO BY:**

DATED this  30th      day of October 2023.       DATED this  30th    day of October 2023.

MOSS BERG INJURY LAWYERS                BACKUS, CARRANZA & BURDEN

*/s/ Boyd B. Moss III, Esq.*                                By: /s/ Jack P. Burden
BOYD B. MOSS III, ESQ.                          Jack P. Burden, Esq.
boyd@mossberglv.com                             3050 South Durango Drive
MARCUS A. BERG, ESQ.                            Las Vegas, NV 89117
marcus@mossberglv.com                           Attorneys for Defendant ALBERTSONS, LLC
4101 Meadows Lane, Suite 110
Las Vegas, Nevada 89107
*Attorneys for Plaintiff*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:  10/31/2023**